875 P.2d 128

**In the Matter of A Member of the State Bar of Arizona, Fredrick D. MERRILL, Respondent.**

**No. SB–94–0028–D.**
**Comm. No. 0485.**

Supreme Court of Arizona.

May 24, 1994.

Mark I. Harrison, Phoenix, for respondent.

Yigael M. Cohen, State Bar Counsel, Phoenix.

Harriet L. Turney, Chief Bar Counsel, State Bar of AZ, Phoenix.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined sua sponte review,

IT IS ORDERED, ADJUDGED AND DECREED that **FREDRICK D. MERRILL,** a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of ninety days for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **FREDRICK D. MERRILL** shall seek assistance from the State Bar's Law Office Management Assistance Program, follow any recommendations issued by the director of LOMAP, pay all costs and expenses incurred in connection with his referral to LOMAP, and, within one year of reinstatement, take twelve additional hours of continuing legal education, in addition to his requirement under MCLE, to be divided equally between law office management and trust and estate law.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, **FREDRICK D. MERRILL** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **FREDRICK D. MERRILL** shall pay the costs of these proceedings in the amount of $833.90.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Comm. No. 92-0485

In the Matter of

FREDRICK D. MERRILL,

a Member of the State

Bar of Arizona,

RESPONDENT.

DISCIPLINARY COMMISSION REPORT

[Filed March 8, 1992.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on February 12, 1994, for oral argument pursuant to Rule 53(d), Ariz.R.S.Ct. The Commission considered the Hearing Committee's recommendation of approval of the agreement for discipline by consent providing for suspension and probationary terms.

### Decision

A concurrence of the full Commission adopts the Committee's recommendation that the amended agreement for discipline by consent be accepted, and that the respondent, Fredrick D. Merrill ("Merrill") (1) be suspended for a period of ninety days; (2) seek assistance from the State Bar's Law Office Management Assistance Program ("LOMAP") and follow any recommendations issued by the director of LOMAP; (3) within one year of his reinstatement, take twelve additional hours of continuing legal education, in addition to his requirements under MCLE, to be divided equally between law office management and trust and estate law; and (4) pay all costs and expenses incurred

by the State Bar in connection with these proceedings and any reasonable costs incurred in connection with Merrill's referral to LOMAP.

The Commission also unanimously adopts the Amended Rule 56(a) Tender of Conditional Admissions and Agreement for Discipline by Consent and the Amended Joint Memorandum in Support of the Rule 56(a) Agreement for Discipline by Consent as its findings of fact and conclusions of law.

### Facts

Merrill was retained in late 1990 to prepare trust documents for a client who was approximately ninety years old. Despite her advanced age, the client was of sound mind. Merrill created the trust, as well as rendering legal advice to the client in other matters.

In the course of preparing an inventory of his client's estate, Merrill and his client decided to have three of her oil paintings bearing the signature "Rembrandt" appraised. The client gave Merrill $4,000 to obtain the appraisal. After researching the matter and obtaining an evaluation by an expert appraiser, Merrill learned that the paintings were probably of little value. In his answer to the complaint in this matter, Merrill denied that he failed to provide his client with an accounting as to how the $4,000 was spent. However, in the amended agreement for discipline Merrill conditionally admits that he failed to provide his client with a written appraisal or an accounting of how the money was spent. Merrill has since returned the $4,000 to his client.

During his representation of this client, the two of them became personal friends, with frequent social visits made by Merrill and his family members. During the course of this friendship, the client frequently offered Merrill various gifts, including offering to pay his children's tuition for school. Merrill rejected all of her offers of gifts.

Merrill did obtain two separate loans from this client. The first, received in February 1991, was for $3,500, of which approximately $1,000 was considered as payment of Merrill's attorney's fees. The second loan, received in September 1991, was in the amount of $3,000. Merrill failed to advise his client to seek the advice of independent counsel in connection with either loan. In addition, despite the conflict of interest, Merrill failed to obtain the client's consent to the loans in writing.

With the exception of the $1,000 which represented Merrill's attorney's fees, Merrill had repaid both loans to the client, in full, as of September 1993.

### Discussion of Decision

Merrill conditionally admits that his conduct violated ER 1.8(a) and ER 1.15, as charged by the State Bar. The Committee and Commission agree.

In determining the appropriate sanctions, the Court considers the American Bar Association's *Standards for Imposing Lawyer Sanctions* a suitable guideline. *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). The Commission uses that guideline, as well.

Standard 4.12 provides for suspension when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. Merrill accepted $4,000 from his client, then failed to provide her with an accounting of the funds and how he used them. His eventual repayment of the money does not excuse his failure to maintain complete and accurate records.

Standard 4.32 provides for suspension when a lawyer knows of a conflict of interest and does not fully disclose to the client the possible effect of that conflict, and causes injury or potential injury to a client. Apparently, the acceptance of two loans from his client while failing to disclose the potential conflict of interest, advise the client to seek the advice of independent counsel, or obtain the client's consent in writing resulted in no harm; however, the potential for damage to the client in such a situation is clear.

Standards 9.22 and 9.32, which list factors to be considered in aggravation and mitigation, respectively, also assist in determining the appropriate sanction. Only one potential aggravating factor is present; Merrill's client

was quite elderly, which can indicate vulnerability. However, both the State Bar and Merrill have conditionally agreed that the client was of sound mind throughout her dealings with Merrill.

Numerous mitigating factors are present. Merrill has no prior disciplinary record, he has never denied that he obtained loans from his client, he has repaid the loans with interest, he has been extremely cooperative throughout these disciplinary proceedings, he has an excellent reputation throughout the legal community, and he is extremely remorseful.[1]

▮ Based on the amended agreement for discipline, the amended joint memorandum in support of the agreement, and a review of the foregoing Standards as applied to the facts in this case, the Commission agrees that a 90–day suspension is appropriate for the misconduct at issue. The provision that Merrill seek the assistance of LO-MAP will help to prevent the recurrence of the problems exposed by his failure to properly account for the $4,000 received from his client and his mishandling of the loans from the client. The additional hours of continuing legal education on the subjects of law office management and trust and estate law will further that aim. The purpose of lawyer discipline is not to punish the offender, but to protect the public, the profession, and the administration of justice. *In re Neville,* 147 Ariz. 106, 708 P.2d 1297 (1985). The Commission agrees that the sanctions recommended herein will fulfill that purpose.

RESPECTFULLY SUBMITTED this <u>8th</u> day of <u>March</u>, 1994.

/s/ Steven L. Bossé
Steven L. Bossé, Chairman
Disciplinary Commission

---

1. The amended agreement for discipline also lists, in mitigation, the fact that the client wishes Merrill no harm for his conduct. However, Standard 9.4 lists specific factors which should not be considered as either aggravating or mitigating; included therein is the failure of the injured client to complain. In light of Standard 9.4, the Commission does not find this to be a factor in mitigation.